UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAVANTE AUSTON o/b/o B.K.J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C25-0354-KKE <br><br> ORDER GRANTING UNOPPOSED MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Plaintiff filed this action without attorney representation, on behalf of a minor seeking review of the Commissioner's denial of an application for Supplemental Security Income. Dkt. No. 4. In lieu of an answer, the Commissioner filed a motion to dismiss because Plaintiff did not complete the required steps of administrative review, and instead directly filed this civil action approximately two years after the application was denied. *See* Dkt. No. 10. Plaintiff did not file an opposition to the Commissioner's motion.

To exhaust administrative remedies, a claimant must complete a four-step administrative review process that involves: (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) requesting Appeals Council review of the ALJ's decision. *See* 20 C.F.R. § 416.1400(a). After a claimant has completed these steps, the claimant "may request judicial review by filing an action in a Federal district court." *Id*. § 416.1400(a)(5).

ORDER GRANTING UNOPPOSED MOTION TO
DISMISS FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES - 1

The Commissioner has submitted unrebutted evidence that Plaintiff did not complete at least the third or fourth steps of administrative review: requesting a hearing before an ALJ, and requesting Appeals Council review of an unfavorable ALJ's decision issued after a hearing. Dkt. No. 10-1. The Commissioner does not explicitly indicate whether Plaintiff completed the second step. *Id*.

Plaintiff's failure to exhaust administrative remedies deprives this Court of jurisdiction. The Social Security Act authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g). This remedy is exclusive and must be strictly construed. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."). A court must dismiss a complaint when a claimant has not exhausted the administrative appeals needed to obtain a final decision. *See, e.g.*, *Metko v. Soc. Sec. Admin.*, 362 F. App'x 870, 871 (9th Cir. 2010).

Because the undisputed record before the Court indicates that Plaintiff failed to exhaust administrative remedies, the Commissioner's decision is not subject to judicial review. The Court lacks subject matter jurisdiction to resolve this administrative appeal, and therefore GRANTS the Commissioner's motion to dismiss. Dkt. No. 10.

Dated this 23rd day of May, 2025.

Kymberly K. Evanson
United States District Judge